UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GRANDA P. HUMPHREY and )
LARRY M. HUMPHREY, )
 )
    Plaintiffs, )
 )
v. ) Civil Action No. _____
 )
STONE, HIGGS & DREXLER, P.C., and ) Jury Trial Demanded
TENNESSEE ADJUSTMENT GROUP, )
INC., )
 )
    Defendants. )

# COMPLAINT

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiffs resides here.

## PARTIES

4. Plaintiff Granda P. Humphrey (Mrs. Humphrey) is a natural person who resides in Roane County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Larry M. Humphrey (Mr. Humphrey) is a natural person who resides in Roane County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Stone, Higgs & Drexler, P.C. (SHD) is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Tennessee Adjustment Group, Inc. (TAG Inc.) is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FAIR DEBT COLLECTION PRACTICES ACT

8. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692 *et seq.***

9. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." **15 U.S.C. §§ 1692 (a), (b), and (c).**

10. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

11. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

## FACTUAL ALLEGATIONS

12. Defendants have alleged Plaintiffs incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and the obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a credit card debt alleged to be originally owed to or serviced by HSBC Bank USA, N.A. (HSBC).

13. After default, TAG Inc. purchased the debt from HSBC or an assignee of HSBC for purposes of collection from Plaintiffs.

14. TAG Inc. is regularly engaged in purchasing defaulted consumer debts and attempts to collect them by filing collection lawsuits in the name of entities other than its own name or that simply do not exist.

15. TAG Inc. hired SHD to attempt collection of the debt from Plaintiffs.

16. SHD is regularly engaged in collection of consumer debts owed or due or asserted to be owed or due another and attempts to collect the debts by making telephone calls, sending collection letters, filing collection lawsuits, recording judgment liens, and having garnishments and levies issued on behalf of its clients.

### *Collection Communications*

### *April 10, 2015 Collection Letter*

17. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. **15 U.S.C. § 1692a(2).**

18. On or about April 10, 2015, SHD sent Mr. Humphrey a collection letter dated April 10, 2015 (collection letter). **Copy filed as exhibit 1 to this Complaint ("Doc. 1-1").**

19. The collection letter was sent in connection with the collection of the debt and in an attempt to collect the debt, and is a "communication" as defined by 15 U.S.C. § 1692a(2).

20. The collection letter stated that:

> Re: Account No.: 7021272163578102
> HSBC BEST BUY CO., INC.
> Amount Owed: **$1,295.25**
> File No.: 15-01194-0
>
> It is reported to us that you have a balance on an account which originated with HSBC BEST BUY CO., INC. in the amount of $1,295.25. This account has now been assigned to Tennessee Adjustment Group, LLC and has placed the account with Stone, Higgs & Drexler to recover that amount from you.

21. The collection letter also stated:

> However, for purposes of settlement only, you may pay a lump sum amount equal to one-half (1/2) of your current balance, or $647.63, as payment in full satisfaction of the debt, provided it is received by the law office of Stone, Higgs & Drexler, on or before 5:00 p.m., May 11, 2015.
>
> Alternatively, we will accept 75 percent (3/4) of the current balance if paid in three equal monthly installments of $323.81 each, payable May 11, 2015, June 11, 2015 and July 10, 2015. Again these payments which add up to 75 percent of the current balance will be accepted in full satisfaction of your debt if received on or before 5:00 p.m. on the aforementioned dates.
>
> You must call us at 901-528-1111 immediately upon your receipt of this letter and ask to speak to Dot Miller so that we will know which payment arrangement that you have chosen. If we do not receive your payment or hear from you by May 11, 2015, we will assume that you do not have any intention of satisfying this debt and we may begin collection by any lawful means.
>
> Enclosed is an envelope for your payment in the amount of $647.63 which is one-half of the balance due, but which is being paid in full satisfaction of the debt if received by Stone, Higgs & Drexler, on or before 5:00 p.m., May 11, 2015. Or, you are enclosing $323.81 as the first of three equal monthly installments which must be received on or before the close of the business on May 11, 2015, June 11, 2015, and July 10, 2015.

*Name of Creditor*

22. The collection letter was the initial communication from SHD to Plaintiffs in connection with collection of the debt.

23. The FDCPA 15 U.S.C. §1692g(a)(2) requires that:

    > (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -- (2) the name of the creditor to whom the debt is owed.

24. The collection letter stated that: "This account has now been assigned to Tennessee Adjustment Group, LLC and has placed the account with Stone, Higgs & Drexler to recover that amount from you." **Doc. 1-1.**

25. On information and belief, no entity by the name Tennessee Adjustment Group, LLC exists and the initial communication by SHD in the form of the collection letter did not contain written notice of the creditor to whom the debt is owed. **Doc 1-1.**

26. Within five days after the initial communication in the form of the collection letter, Mr. Humphrey had not paid the debt.

27. Within five days after the initial communication in the form of the collection letter, SHD failed to send Mr. Humphrey a written notice containing the name of the creditor to whom the debt is owed, whether it was TAG Inc. or another entity or person, in violation of 15 U.S.C. § 1692g(a)(2).

*Threat of Legal Action Before Expiration of Plaintiffs' Right to Seek Validation*

28. Mr. Humphrey did not receive the collection letter until April 13, 2015, and, therefore, his time to dispute the debt listed in SHD's collection letter did not expire until May 13, 2015.

29. The statement in collection letter: "**If we do not receive your payment or hear from you by May 11, 2015, we will assume that you do not have any intention of satisfying this debt and we may begin collection by any lawful means**", when included in a letter from an attorney could be reasonably interpreted by the least sophisticated consumer as advancing a threat of legal action before expiration of the Plaintiff's right to seek validation of the debt, in violation of 15 U.S.C. § 1692e(5). (emphasis added)

*Overshadowing and Inconsistent Communications During 30-day Period*

30. The FDCPA 15 U.S.C. §1692g(b) states:

    Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

31. The statements in ¶ 21 above, including the ones that: (1) require the payment of a lump sum payment or an installment payment prior to the expiration of the 30-day period after the receipt of the collection letter by Mr. Humphrey, and (2) require Mr. Humphrey to immediately call SHD upon receipt of the collection letter, and (3) state if SHD did not receive a payment or contact from Mr. Humphrey prior to expiration of the 30-day period after receipt of the collection letter, SHD will assume he does not have any intention of satisfying the debt and that SHD may begin collection by any lawful means, would make the least sophisticated consumer confused and/or uncertain as to his or her rights, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and these statements within the thirty-day period described in 15 U.S.C. § 1692g(a) both overshadowed and were inconsistent with the disclosure of Mr. Humphrey's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

### May 28, 2015 Collection Lawsuit

32. On May 28, 2015, Defendants filed a civil warrant and sworn statement of account (sworn affidavit) against Plaintiffs in state court (collection lawsuit). **Copy filed as exhibit 2 to this Complaint ("Doc. 1-2").**

33. The civil warrant and sworn affidavit Defendants filed conveyed information regarding the debt, including that an entity named TAG Final Assignee was the creditor on the debt being collected and the amount alleged to be owed to TAG Final Assignee, and each is a "communication" as defined by 15 U.S.C. § 1692a(2). **Doc. 1-2.**

34. On information and belief, an employee of SHD prepared the civil warrant.

35. The civil warrant was filed "**for $1,295.25, past due and owing plus court costs and interest accrued and owed**", and made no mention of attorney fees. **Doc. 1-2, p. 1.** (emphasis added)

36. On information and belief, an employee or agent of TAG Inc. prepared and signed the sworn affidavit.

37. The sworn affidavit signed by Michael Bradley stated that he "is an employee of TAG Final Assignee and that the **annexed account exhibiting the sum of $1,295.25, against [Plaintiffs] is just and true as stated; . . . [and] that the contractual document provides for reasonable attorney fees and interest**. **Doc. 1-2, p. 4.** (emphasis added)

### Misrepresenting the Name of the Owner of the Debt

38. On information and belief, an entity named TAG Final Assignee does not exist.

39. The civil warrant stated that the plaintiff in the collection lawsuit was "TAG Final Assignee". **Doc. 1-2, p. 1.**

40. The sworn affidavit stated that Plaintiffs owed the debt to "TAG Final Assignee".

41. Filing the collection lawsuit with TAG Final Assignee as named plaintiff would imply to the least sophisticated consumer that TAG Final Assignee owned the debt, which is a false representation by Defendants of the character and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), a threat to take any action that cannot be legally taken, in violation of 15 U.S.C. § 1692e(5), a communication to any person credit information which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8), the use of any false, deceptive, or misleading representation or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

### *Attempting To Collect Interest Waived By Original Creditor*

42. The Office of the Comptroller of the Currency (OCC) regulates HSBC, and under federal banking regulations, a credit card debt must be charged off when 180 days overdue.[1]

43. On information and belief, HSBC's standard credit card agreements provide that it may change terms from time to time as permitted by law, and changes beneficial to consumers such as a reduction in or waiver of interest may be effected immediately and without notice to the consumer.

44. On information and belief, as a standard practice, and for sound business reasons, HSBC waives interest on credit card debts after charge off.

45. The sound business reasons for HSBC waving interest include the following:

---

[1] Debt may be charged off earlier. Charge off means a bank no longer carries the credit card receivable as asset. See OCC Bulletin 2000-20, "Uniform Retail Credit Classification and Account Management Policy: Policy Implementation" (June 20, 2000), 65 FR 36903.

(a) HSBC did not, and does not want to increase the amount of bad debts on its books, for regulatory reasons.

(b) HSBC is required to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to an account. 12 C.F.R. §226.5(b)(2)(i) ("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account...."). Banks, such as HSBC, generally prefer to waive interest and save the expense of preparing and sending statements.

(c) Prior to the amendment of 12 C.F.R. §226.5(b)(2), the obligation to issue statements on an account continued until the creditor "[deemed] it uncollectible," or instituted legal proceedings. The addition of interest could be construed as meaning that the debt was not deemed uncollectible. See 26 C.F.R. §1.6050P-1.

46. On information and belief, in accord with standard business practices, HSBC prudentially waived interest on Plaintiffs' debt after charge off.

47. On information and belief, HSBC, in accord with standard business practices, did not provide periodic statements to Plaintiffs after charge off that showed an amount owed greater than $1,295.25.

48. TAG Inc. only took what HSBC could give. If HSBC waived interest post charge off, TAG Inc. acquired the debt subject to that waiver.

49. On information and belief, the amount of the debt TAG Inc. purchased from HSBC or an assignee of HSBC did not include post charge off interest.

50. On information and belief, TAG Inc. paid a price for the debt it purchased based on the charged off amount owed to HSBC.

51. On information and belief, it is TAG Inc.'s standard practice, after paying a price based on an amount that does not include post charge off interest, to seek post charge off interest an original creditor had waived the right to add.

52. TAG Inc. was not entitled to collect any interest HSBC would not have collected after charge off. *See, Westgate v. Maryland Casualty Co.,* 147 F.2d 177, 181 (6th Cir. 1945) ("equitable maxim that he who takes the place of another as to any right or property holds it subject to all the rights of the assignor").

53. TAG Inc. may not seek more than the amount owed when HSBC took action to waive additional interest on the debt. See, *Binswanger Southern (NC) Inc. v. Textron Inc.*, 860 S.W. 2d 862 (Tenn. Ct. App. 1993) ("[A]ssignee of a non-negotiable chose in action, such as a contract, steps into the shoes of his assignor and takes his assignor's rights subject to all defenses which may be asserted against the assignor in an action to enforce the right." *Id.* at 865, *citing*, *Third Nat'l Bank v. Capitol Records, Inc.,* 445 S.W.2d 471 (Tenn. Ct. App. 1969)); *United States v. General Motors Corp.*, 929 F.2d 249, 252 (6th Cir. 1991) ("[R]ights of the assignor and assignee are fixed at the time of the notification of the assignment."); *Stratton v. Portfolio Recovery Assoc., LLC*, 2014 U.S. App. LEXIS 20517, at *10-11 (6th Cir., Oct. 24, 2014) ("PRA cannot be given a right to collect interest—contractual or statutory—that GE waived.")

54. On information and belief, HSBC intentionally did not charge interest after charge off of its credit card receivables.

55. By communicating that Plaintiffs owed an amount greater than HSBC charged off, and which includes post charge off interest, and threatening to add "interest accrued and owed" in the civil warrant" and "attorney fees and interest" in the sworn affidavit, to the amount purchased by TAG Inc. from HSBC or an assignee of HSBC that was not added by HSBC after charge off, and attempting to collect more than the amount purchased, Defendants made representations to Plaintiffs, the state court, and the general public that TAG Inc. had the right to add these amounts after the date HSBC charged off the debt, in violation of 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

### *Requesting Different Amounts*

56. By requesting two different amounts in the civil warrant and sworn affidavit, Defendants made conflicting statements as to the amount owed that would be confusing to the least sophisticated consumer as to how much was allegedly owed and resulted in Defendants making a false representation (a) of the character, amount, or legal status of any debt, and (b) of the compensation which may be lawfully received by any debt collector for the collection of any debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10).

### *Failure To Include § 1692e(11) Language In Subsequent Communications*

57. The FDCPA states: "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

58. The civil warrant and sworn affidavit were subsequent communications from the Defendants in connection with collection of the debt.

59. General Sessions Courts always have been and are still recognized as informal courts and although the civil warrant may be considered a pleading, it is not considered by Tennessee Courts to be a formal pleading.[2]

60. Both the civil warrant and the sworn affidavit are subsequent communications from Defendants that are not formal pleadings made in connection with a legal action, and each failed to disclose that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11). **Doc. 1-2, pp. 1, 4.**

*Summary*

61. Defendants' above-detailed conduct in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple FDCPA provisions, including, but not limited to the above-cited provisions.

*Respondeat Superior Liability*

62. In addition to its individual liability under the FDCPA, the acts and omissions of SHD, as an agent for TAG Inc. who communicated with Plaintiffs as further described herein, were committed within the time and space limits of its agency relationship with its principal, TAG Inc.

63. The acts and omissions by SHD were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by TAG Inc. in collecting consumer debts.

64. By committing these acts and omissions against Plaintiffs, SHD was motivated to benefit its principal, TAG Inc.

---

[2] *Weaver v. Cromer*, 392 S.W. 2d 835, 836 (Tenn. App. 1965) (citing *Wood v. Hancock*, 23 Tenn. 465, 1844 Tenn. Lexis 138 (Tenn. 1844)). Also see *Vinson v. Mills*, 530 S.W. 2d 761, 765 (Tenn. 1975); *Ware v. Meharry Medical College*, 898 S.W. 2d 181, 185 (Tenn. 1995); *Emrick v. Moseley*, 2014 Tenn. App. LEXIS 448, 2014 WL 3778567 (Tenn. App. 2014).

65. TAG Inc. is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by TAG Inc., including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiffs.

## TRIAL BY JURY

66. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

### COUNT I-XI

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692g(a)(2), and 1692g(b)**

67. Plaintiffs incorporates by reference all the above paragraphs as though fully stated herein.

68. The foregoing acts and omissions of Defendants constitute multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiffs.

69. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays that judgment be entered against each and every Defendant:

# COUNT I-XI

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692g(a)(2), and 1692g(b)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiffs, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 each, for a total of $2,000.00, against each and every Defendant and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiffs; and

- for such other and further relief as may be just and proper.

04/05/16                                    Respectfully submitted,

                                            **GRANDA P. HUMPHREY**
                                            **LARRY M. HUMPHREY**


                                            s/     Alan C. Lee
                                            Alan C. Lee, BPR # 012700
                                            Attorney for Plaintiffs
                                            P. O. Box 1357
                                            Talbott, TN 37877-1357
                                            (423) 581-0924
                                            aleeattorney@gmail.com